UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EVELYN B. VANDENBRINK, and
RICHARD BERG, individually
and on behalf of all others similarily situated,

CASE NO.: 8:12-cv-00897-JSM-TBM

Plaintiffs,

-v-

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, a foreign
corporation,

Defendant.
_____/

## PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, Evelyn B. Vandenbrink, and Richard Berg, individually and on behalf of all others similarily situated, by and through their undersigned attorneys, hereby sues Defendant, State Farm Mutual Automobile Insurance Company, a foreign corporation. The basis for Plaintiffs' claims for relief is set forth below.

### JURISDICTION, VENUE AND PARTIES

1.  At all times herein material, Plaintiff, Evelyn B. Vandenbrink was a natural person residing in Pinellas County, Florida.

2.  At all times herein material, Plaintiff, Richard Berg was a natural person residing in Hernando County, Florida

3.  At all times herein material, Defendant State Farm Mutual Automobile Insurance Company (hereinafter Defendant or State Farm Mutual Automobile Insurance

Company), was a foreign corporation autorized and doing business within the state of Florida. State Farm Mutual Automobile Insurance Company is in the business of marketing, selling and servicing automobile insurance policies throughout the state of Florida.

4. This case was removed by State Farm Mutual Automobile Insurance Company from the Circuit Court in the Sixth Circuit which is in this District. 28 U.S.C. 1441(a). This Court has jurisdiction over the parties and the subject matter of the case pursuant to section 1332(d) of Title 28 of the United States Code. Venue is appropriate in this District pursuant to section 1391(c) of Title 28 of the United State Code as State Farm Mutual Automobile Insurance Company is subject to personal jurisdiction in this District, and as a substantial part of the events or omissions giving rise to the claims occurred within this District.

## INTRODUCTION

5. State Farm Mutual Automobile Insurance Company is a mutual insurance company that owns other companies throughout the United States. State Farm Mutual Automobile Insurance Company is in the business of providing automobile insurance coverage. It claims publically that its insurance coverage is excellent and affordable. The focus of this suit, and the common and standard automobile insurance policies and the common and standard course of State Farm Mutual Automobile Insurance Company discussed herein, is restricted to its policies sold in Florida, and to its policyholders located in this state.

6.  State Farm Mutual Automobile Insurance Company was founded in 1922 as a mutual automobile insurance company owned by its policyholders. While initially the company specialized in automobile insurance for farmers, the company's business lines, over time, expended to other types of insurance, such as homeowners and life insurance, in addition to banking and financial services.

7.  An advertising jingle used to promote the company to the general public, *"Like a good neighbor, State Farm is there"*, has become almost ubiquitous. The CEO of State Farm Mutual Automobile Insurance Company has defined "good neighbor" to be "someone to be trusted; a courteous, friendly source of help when help is needed; someone you can count on; someone who cares."

8.  Under the Florida Insurance Code, an insurance policy is a contract whereby one undertakes to indemnify another, or allow a specified amount or a determinable benefit upon determinable contingences. In connection with the automobile policies sold and issued in Florida to Plaintiffs and Class Members by State Farm Mutual Automobile Insurance Company in Florida, these policies were standardized forms with the same language. Also standardized are the medical benefits provided to Class Members and Sub-Class members under optional coverage commonly known or referred to as Med Pay. Coverage for Med Pay require the payment of an additional premium. Under Med Pay, State Farm Mutual Automobile Insurance Company is required to pay 20% of medical bills not covered by Personal Injury Protection (PIP) benefits which covers 80% of the insured's medical bills until the limits of PIP coverage is exhausted. Med Pay also covers the insured's other outstanding medical expenses. Insurance

policies of this type that are the subject of this suit are generally considered contracts of adhesion because the insurer draws up the contract and the insured, as is the case here, has no ability to make changes to it.

9. Also standard and common in its insurance policies is Defendant's interpretation of the policies subject of insurance and its recent, common and standardized practice of subrogating for medical payments ("Med Pay") it paid on behalf of its policyholders from the settlement proceeds that its policyholders received from their respective tortfeasors.

## PLAINTIFF EVELYN VANDENBRINK'S INDIVIDUAL ALLEGATIONS

10. On April 8, 2010, Plaintiff Evelyn Vandenbrink operated a motor vehicle at or near Belcher Road, Dunedin, Pinellas County, Florida.

11. On April 8, 2010, tortfeasor Jeremy Joseph Voneschen owned and operated a motor vehicle that was operated at or near Belcher Road, Dunedin, Pinellas County, Florida.

12. On April 8, 2010 Jeremy Joseph Voneschen while negligently operating or maintaining his motor vehicle collided with Plaintiff, Evelyn B. Vandenbrink's motor vehicle.

13. As a direct and proximate result of the Jeremy Joseph Voneschen's negligence, Plaintiff Evelyn B. Vandenbrink suffered bodily injury and resulting pain and suffering, disability, disfigurement, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation and/or activation of a previously existing condition. The

losses Plaintiff Evelyn B. Vandenbrink sustained are either permanent or continuing and Plaintiff Evelyn B. Vandenbrink will suffer the losses in the future. Plaintiff's automobile was damaged and a total loss.

14. At all times material hereto, Plaintiff Evelyn Vandenbrink maintained a policy of insurance with State Farm Mutual Automobile Insurance Company, policy number 3633-455-59S. This policy of insurance included coverage for Medical Payments - Coverage C. This form of coverage which requires the payment of an additional premium is commonly known or referred to as Med Pay. The Declaration of Coverage and the Amendatory Endorsement pertaining to Coverage C is attached hereto as Exhibit "A".

15. Plaintiff Evelyn Vandenbrink entered into an undifferentiated settlement agreement with Jeremy Joseph Voneschen and his liability carrier, in exchange for a release of claims. However, Plaintiff Evelyn Vandenbrink was not made whole by this settlement.

16. State Farm Mutual Automobile Insurance Company did not intervene or file a lawsuit to assert its purported right to subrogation. Instead, State Farm Mutual Automobile Insurance Company through a practice and course of conduct which Plaintiff asserts is standard and commonly followed and applied in all like situations, has attempted to subrogate for medical benefits it paid on behalf of Plaintiff Evelyn Vandenbrink from the settlement proceeds of Plaintiff Evelyn Vandenbrink's settlement with the tortfeasor. Attached as Exhibit "C" Those monies claimed by Defendant to

reimburse its' purported Med Pay lien have been held in trust pending disposition of the present case.

## PLAINTIFF RICHARD BERG'S INDIVIDUAL ALLEGATIONS

17. On January 10, 2011, Plaintiff Richard Berg operated a motor vehicle at or near Broad Street, Brooksville, Hernando County, Florida.

18. On January 10, 2011, tortfeasor Samantha Post operated a vehicle owned by Dorothy Post at or near Broad Street, Brooksville, Hernando County, Florida.

19. On January 10, 2011, Samantha Post negligently operated or maintained the motor vehicle so that it collided with Plaintiff Richard Berg's motor vehicle.

20. As a direct and proximate result of the Samantha Post's negligence, Plaintiff Richard Berg suffered bodily injury and resulting pain and suffering, disability, disfigurement, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation and/or activation of a previously existing condition. The losses are either permanent or continuing and Plaintiff Richard Berg will suffer the losses in the future.

21. At all times material hereto, Plaintiff Richard Berg maintained a policy of insurance with State Farm Mutual Automobile Insurance Company more specifically described in policy number 4359-362-59A. This policy of insurance included coverage for Medical Payments - Coverage C. This form of coverage, as alleged above, which requires the payment of an additional premium is known or referred to as Med Pay. The policy pertaining to Coverage C and the Amendatory Endorsement are identical to that

reflected in Exhibit A. Plaintiff's Declaration of Coverage is attached hereto as Exhibit "B".

22. Plaintiff Richard Berg settled his bodily injury claim with the Post's liability carrier. However, Plaintiff Richard Berg was not made whole by this settlement.

23. State Farm Mutual Automobile Insurance Company did not intervene or file a lawsuit to assert its purported right to subrogation. Instead, Defendant claimed a subrogation right against Plaintiff Richard Berg for Medical Payment benefits it paid on Plaintiff Richard Berg's behalf for outstanding medical bills incurred by Plaintiff. Attached as Exhibit "D".

24. On or about July 18, 2011 Plaintiff, Richard Berg paid Defendant for Med Pay benefits paid out in the amount of $1,260.00 to satisfy the subrogation lien held by Defendant. Attached as Exhibit "E".

25. Plaintiff Richard Berg has sustained damages and losses as a result of Defendant's subrogation of Med Pay benefits.

## **CLASS ACTION ALLEGATIONS**

26. This is a class action brought pursuant to Rule 23(a), (b)(1), (2) and (3) of the Federal Rules of Civil Procedure. Plaintiffs also seeks certification of a class under Rule 23(c)(4). Plaintiffs bring this action individually and on behalf of a "Class" or "Class Members," defined as:

> All Florida residents, from 2007 to the present, who were sold policies of automobile insurance by Defendant which included optional coverage for Medical Payment benefits. To be excluded from the Class are the judges

to whom this case is assigned and their staff, and the lawyer and staff of the law firm representing Plaintiffs in this suit.

The action is also brought on behalf of the following Sub-Class within the Class of the following ("Subclass"):

> All persons in the Class who, having suffered injuries and incurred medical bills in a covered accident during the Class Period, and who repaid Defendant all or part of Defendants' subrogation claim for Medical Payment benefits.

27. Membership in the Class and Sub-Class is so numerous as to make it impracticable to bring all Class and Sub-Class Members before the Court. While the numbers of members of the class are unknown, Plaintiff believes the number is in the thousands. The identities and addresses of Class and Sub-Class Members can be readily ascertained from Defendant's records.

28. There are numerous and substantial questions of law or fact common to all of the members of the Class and which predominate over any individual issues. Included within the common question of law or fact are:

> A. Whether State Farm Mutual Automobile Insurance Company's conduct of reducing the benefits, and seeking reimbursement of benefits paid under its standard form policies of insurance claiming that it is entitled to subrogation for medical benefits paid on behalf of Plaintiffs and consumers violated the terms of the policy, and /or existing laws;
>
> B. Whether State Farm Mutual Automobile Insurance Company is entitled to reduce the benefits or seek reimbursement of benefits

paid under its standard form policies of insurance by claiming that it is entitled to subrogation for medical benefits paid on behalf of the Plaintiff, Class Members and Sub-Class Members.

C. Whether State Farm Mutual Automobile Insurance Company was unjustly enriched by such conduct;

D. Whether Plaintiffs, Class Members and Sub-Class Members are entitled to declaratory, injunctive or other equitable relief against State Farm Mutual Automobile Insurance Company;

E. Whether Plaintiffs and Sub-Class Members are entitled to actual damages against State Farm Mutual Automobile Insurance Company; and

F. The proper measure of damages sustained by Plaintiff and Sub-Class Members.

29. The claims of the Plaintiffs are typical of the claims of Class Members and Sub-Class Members, in that they share the aforementioned facts and legal claims or questions with Class Members, there is a sufficient relationship between the damage to Plaintiffs and conduct by State Farm Mutual Automobile Insurance Company affecting Class Members and Sub-Class Members, and Plaintiffs have no interest adverse to the interests of other members of the Class and Sub-Class.

30. Plaintiffs will fairly and adequately protect the interests of Class Members and Sub-Class Members and have retained counsel experienced and competent in the

prosecution of complex class actions including complex questions that arise in consumer protection litigation and with regards to the subject matter of this suit.

31. A class action is superior to other methods for the fair and efficient adjudication of this controversy, since individual joinder of all Class Members and Sub-Class Members is impracticable and no other group method of adjudication of all claims asserted herein is more efficient and manageable for at least the following reasons:

    A.    The claims presented in this case predominates over any questions of law or fact, if any exists at all, affecting any individual member of the Class.

    B.    Absent a Class, the Class Members and Sub-Class Members will continue to suffer damage and State Farm Mutual Automobile Insurance Company's unlawful conduct will continue without remedy while Defendant profits from and enjoys its ill-gotten gain;

    C.    Given the size of individual Class Members' and Sub-Class Members' claims, few, if any, Class Members and Sub-Class Members could afford to or would seek legal redress individually for the wrongs State Farm Mutual Automobile Insurance Company committed against them, and absent Class Members and Sub-Class Members have no substantial interest in individually controlling the prosecution of individual actions;

    D.    When the liability of State Farm Mutual Automobile Insurance Company has been adjudicated, claims of all Class Members and

     Sub-Class Members can be administered efficiently and/or determined uniformly by the Court;

  E. This action presents no difficulty that would impede its management by the court as a class action which is the best available means by which Plaintiffs and members of the Classes can seek redress for the harm caused to them by State Farm Mutual Automobile Insurance Company.

32. State Farm Mutual Automobile Insurance Company has utilized uniform processes and procedures in interpreting the insurance policies of insured's and subrogating for medical benefits paid on behalf of Plaintiffs and class members.

33. Because Plaintiffs seek injunctive relief and corresponding declaratory and equitable relief for the entire Class, the prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for State Farm Mutual Automobile Insurance Company. The same would be true in connection with the Sub-Class and the relief sought on behalf of sub-class members. Further, bringing individual claims would overburden the Courts and be an inefficient method of resolving the dispute which is the center of this litigation. Adjudications with respect to individual members of the Class and Sub-Class would, as a practical matter, be dispositive of the interest of other members of the Class and Sub-Class who are not parties to the adjudication and may impair or impede their ability to protect their

interests. As a consequence, class treatment is a superior method for adjudication of the issues in this case.

## COUNT I

### Declaratory Action by Plaintiffs and the Class

34. Plaintiffs reiterate and reallege Paragraphs 1 through 33 as if more fully set forth herein and further alleges:

35. Plaintiffs and the Class seeks a declaratory judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure.

36. Plaintiffs and the Class, and State Farm Mutual Automobile Insurance Company entered into a standard Florida automobile insurance policy in this state.

37. State Farm Mutual Automobile Insurance Company claims it is entitled to subrogate for medical benefits it paid on behalf of Plaintiffs from their settlement proceeds with the tortfeasors, as evidenced by the letters from State Farm Mutual Automobile Insurance Company attached hereto as Exhibit "C" and "D". Plaintiffs and the Class they seek to represent contend that the Amendatory Endorsement is unlawful and/or unenforceable, and in addition, unless and until they have been made whole; and/or declare that State Farm Mutual Automobile Insurance Company cannot recoup by subrogation the amount of medical benefits paid on behalf of Plaintiffs and Class Members under the Amendatory Endorsements unless the insureds have been made whole by settlement or payment from their respective tortfeasors.

38. A controversy, which is of a justiciable nature, exists among the parties regarding the interpretation and/or enforcement of the Amendatory Endorsement as to

whether State Farm Mutual Automobile Insurance Company is entitled to a claim of subrogation of the amount of medical payments paid on behalf of Plaintiffs and Class Members.

39. Plaintiffs and the Class they seek to represent are in doubt about Plaintiffs' and Class Member's rights and obligations under the common and uniform, standard Florida policy with State Farm Mutual Automobile Insurance Company, and has bona fide doubts as to the propriety and enforceability of State Farm Mutual Automobile Insurance Company's subrogation claim.

40. There is a bona fide, actual, present and practical need for the requested declaration based upon the present facts.

## COUNT II

### Breach of Contract by Plaintiff Evelyn Vandenbrink and the Class

41. Plaintiff reiterates and realleges Paragraphs 1 through 33 as if more fully set forth herein and further alleges:

42. Plaintiff and Defendant entered into a written contract for Defendant to provide automobile insurance coverage to Plaintiff, including optional coverage for an additional premium for Medical Payment benefits.

43. Defendant breached its contract with Plaintiff by attempting to recover benefits it paid on Plaintiff's behalf under her Medical Payments coverage, for outstanding medical bills incurred by Plaintiff as a result of injuried she sustained in the above-described motor vehcle accident which has or will cause Plaintiff to suffer damages in the future.

44. Plaintiff has performed all conditions precedent necessary to maintain this action, or all such conditions have been waived.

## COUNT III

### Breach of Contract by Plainitff Richard Berg and the Sub-Class

45. Plaintiff reiterates and realleges Paragraphs 1 through 33 as if more fully set forth herein and further alleges:

46. Plaintiff and the Sub-Class and Defendant entered into written contracts for Defendant to provide automobile insurance coverage to Plaintiff and Sub-Class, including optional coverage for an additional premium for Medical Payment benefits.

47. Defendant breached its contract with Plaintiff and the Sub-Class by recovering Medical Payment benefits it paid on Plaintiff's and Sub-Class member's behalf from Plaintiff's settlement proceeds from the tortfeasors, for outstanding medical bills incurred by Plaintiff and Sub-Class as a result of injuries he sustained in the above-described motor vehicle accident.

48. Plaintiff and the Sub-Class members have performed all conditions precedent necessary to maintain this action, or all such conditions have been waived.

## COUNT IV

### Money Had and Received by Plainitff Berg and the Sub-Class

49. Plaintiff reiterates and realleges Paragraphs 1 through 33 as if more fully set forth herein and further alleges:

50. Defendant has taken undue advantage of its superior position, and as a result, Defendant has obtained moneys from Plaintiff and Sub-Class members that in equity and good conscience Defendant should return.

51. Defendant owes Plaintiff $1,260.00 that is due with interest from July 18, 2011 for money paid by Plaintiff and Sub-Class members to and received by Defendant at the Defendant's request.

52. By reason of the foregoing, Plaintiff and Sub-Class Members have suffered for which they are entitled to their damages in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs on behalf of themselves and the Class Members and Sub-Class Members, pray for judgment against Defendant as follows:

A. Certification of this case as a class action;

B. Appointment of Plaintiffs as representatives of the Class and Sub-Class.

C. Appointment of the undersigned as Class Counsel.

D. Declaration of the rights of Plaintiffs and Class Members to the benefits of insurance coverage, declare that the Amendatory Endorsement of the subject insurance policies is unlawful or unenforceable as applied to Plaintiffs and Class Members' insurance policies and/or declare that State Farm Mutual Automobile Insurance Company cannot recoup by subrogation the amount of medical benefits paid on behalf of Plaintiff and Class members under the Amendatory Endorsements unless the insureds

have been made whole by settlement or payment from their respective tortfeasors;

E. Holding State Farm Mutual Automobile Insurance Company liable to Plaintiffs, Class Members and Sub-Class Members for actual damages in such amount as the Court or Jury may determine, including statutory interest;

E. Issuing injunctive relief;

F. Awarding Plaintiffs, Class Members and Sub-Class Members attorneys' fees pursuant to section 627.428 of the Florida Statutes, and all litigation costs; and

G. Awarding Plaintiffs, Class Members and Sub-Class Members such other equitable and legal relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff, on their own behalf and on behalf of all others similarly situated, hereby demands a trial by jury of all issues so triable.

Respectfully submitted this 16th day of May, 2012.

/s/John Yanchunis
John Yanchunis, Esq.
FBN: 0324681
jyanchunis@forthepeople.com
MORGAN & MORGAN, P.A.
201 North Franklin Street, 7th Floor
Tampa, Florida 33602
(813) 223-5505 Telephone
(813) 223-5402 Facsimile
Attorneys for Plaintiffs

16

Joseph R. Bryant, Esquire
Florida Bar #: 561444
Morgan & Morgan, P.A.
695 Central Avenue, Suite 150J
St. Petersburg, FL 33701
Tele: (727) 490-2001
Fax: (727) 490-2015

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of May, 2012, the foregoing Second Amended Complaint was served by the Court's CM/ECF System and a Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System:

*Attorneys for Defendants*
John Weihmuller, Esq.
BUTLER, PAPPAS, WEIHMULLER
KATZ CRAIG, LLP
777 s. HARBOUR Island Blvd., Suite 500
Tampa, Florida 33602
(813) 281-1900 (phone)
jweihmuller@butlerpappas.com

Tiffany L. Powers, Esq.
Matt Montaigne, Esq.
ALSTON & BIRD, LLP
1201 W. Peachtree Street
Atlanta, Georgia 30309-3424
(404) 881-7000
Tiffany.powers@alston.com
Matt.montaigne@alston.com

/s/ John Yanchunis
John A. Yanchunis