**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

EVELYN B. VANDENBRINK, and
RICHARD BERG, individually and
on behalf of all others similarly situated,

      Plaintiffs,

v.                                   CASE NO.: 8:12-cv-897-T-30TBM

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

      Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant State Farm Mutual Automobile Insurance Company's Motion to Dismiss Plaintiff's Second Amended Complaint and Strike Class Allegations (Dkt. #18). Upon considering the motion, responses, and being otherwise advised in the premises, the Court concludes that the motion should be granted.

## BACKGROUND

Plaintiffs Evelyn B. Vandenbrink and Richard Berg hold automobile insurance policies with State Farm Mutual Automobile Insurance Company. Their policies include a provision for Med Pay coverage. In the state of Florida, mandatory Personal Injury Protection (PIP) only covers 80% of the insured's medical bills. However, optional Med Pay coverage pays for 20% of medical bills that are not paid by PIP coverage. The insurance policy contains a standard subrogation provision stating, "[u]nder the liability, medical payments and physical damage

coverages the right of recovery of any party we pay passes to us."

Vandenbrink and Berg were both in motor vehicle accidents, resulting in a law suit and subsequent settlement.  Plaintiffs' complaint claims they were not made whole by their respective settlements, however the complaint fails to state any specific settlement amount or what amount would be required to make Plaintiffs whole.  State Farm paid the required amount of Plaintiffs' medical expenses, then attempted to subrogate the Med Pay amount from the settlement proceeds.  State Farm has not yet received any payment from Vandenbrink, however Berg has already paid $1,260.00 to satisfy State Farm's subrogation lien.

Plaintiffs now bring this class action lawsuit for a declaratory action, breach of contract, and money had and received.  The foundation of the suit is that State Farm's subrogation liens are impermissible under the "made-whole" doctrine, since Plaintiffs were not made whole by their settlements.

## DISCUSSION

### Fed. R. Civ. P. 12(b)(6) Motion to Dismiss Standard

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  When reviewing a motion to dismiss, a court must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff.  *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).  However, unlike factual allegations, conclusions in a pleading "are not entitled to the assumption of truth."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  On the contrary, legal conclusions "must be supported by factual allegations."  *Id.*  Indeed, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal."  *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

While a "heightened fact pleading of specifics" is not required, "enough facts to state a claim to relief that is plausible on its face" is necessary. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Moreover, when the factual allegations are "not only compatible with, but indeed [are] more likely explained by" lawful activity, the complaint must be dismissed. *Iqbal*, 556 U.S. at 680; *see also N.Am. Clearing, Inc. v. Brokerage Computer Sys., Inc.,* 2009 WL 1513389 (M.D. Fla. May 27, 2009) ("On a Rule 12(b)(6) motion to dismiss, when a court considers the range of possible interpretations of the defendant's alleged conduct, if the 'more likely explanations' involve lawful, non-actionable behavior, the court should find that the plaintiff's claim is not plausible.").

### Permissibility of State Farm's Conduct

Med Pay subrogation is permissible when the insured has been "made whole", and is even encouraged as a matter of policy to prevent double recovery for the insured. *See Schonau v. GEICO General Ins. Co.*, 903 So. 2d 285 (Fla. 4th DCA 2005). A potential controversy does arise when an insured has not been made whole, and Insurer attempts to subrogate. *Id.* Previous cases have stated the "made whole" doctrine is intended to apply in limited fund scenarios, typically when the tortfeasor lacks adequate funds or insurance coverage. *See Id.* at 287; *Florida Farm Bureau Ins. Co. v. Martin*, 377 So. 2d 827 (Fla. 1st DCA 1979).

It is clear that State Farm's subrogation claims are prohibited if Plaintiff has not been made whole. Defendant's reply claims this issue has already been addressed directly in *Schonau* and dismissed for lack of a viable cause of action under Florida law. However, this scenario has an important distinction in that Plaintiffs are attempting to protect recoveries they have independently obtained from a third party tortfeasor, as opposed to claiming funds directly from the Insurance company's own recovery. This distinction was addressed directly in *Schonau*,

stating:

> Florida law does not appear to recognize an affirmative right or cause of action by an insured against its insurer to be "made whole" beyond the payment of insurance policy proceeds. Instead, it appears that Florida law allows the "made whole" doctrine as a defense used by insureds to protect the insured's direct recovery from a tortfeasor, where the insured's own insurer makes a subrogation claim upon the insured's recovery.

*Schonau*, 903 So. 2d at 287.  Therefore, there appears to be little doubt State Farm would not be entitled to subrogate the insureds' recoveries if they have not been "made whole" after their direct recovery from a third party.

### Plaintiff's Factual Allegations

Plaintiffs' claims that State Farm's subrogation attempts are impermissible hinges on the assertion that Plaintiffs' were not "made whole".  As previously discussed, the insured must be "made whole" in his recoveries from a third party tortfeasor before the insurer may subrogate directly from the insured.

However, since being "made whole" is part of the legal standard, there must be some allegation of facts in the complaint beyond merely stating Plaintiffs were not "made whole".  As stated in *Ashcroft v. Iqbal*, legal conclusions must be supported by factual allegations.  556 U.S. at 679.  While it is not necessary to present detailed facts to support a claim at the pleading stage, there must be sufficient facts to render a claim plausible.  *Bell Atl. Corp.*, 550 U.S. at 570.  Adequate facts in this scenario would at least make some showing as to what amount would be required to make Plaintiffs whole and what amount was actually received.  Plaintiffs have therefore failed to sufficiently allege facts stating a claim for which relief can be granted.

### Breach of Contract Claims

Plaintiffs' breach of contract claims must also be dismissed, because they fail to state a portion of the contract that was breached.  Under *Iqbal*, there must be some factual allegation

that would plausibly lead to the conclusion that there was a breach of contract. Plaintiffs have only identified a provision in the contract that states, "Under Our Right to Recover Our Payments: . . . (c) Under the liability, medical payments and physical damage coverages the right of recovery of any party we pay passes to us. Such party shall: (1) not hurt our rights to recover; and (2) help us get our money back." It is not plausible that State Farm has breached its contract by doing what it expressly stated it would do in the contract. Therefore, the breach of contract claims as to both Plaintiffs Vandenbrink and Berg must be dismissed.

### Money Had and Received Claim

Plaintiffs' claim for money had and received must also be dismissed, because the existence of an express contract between the parties preludes any recovery under a quasi-contractual remedy such as money had and received. *Berry v. Budget Rent A Car Systems, Inc.*, 497 F. Supp. 2d 1361 (S.D. Fla. 2007). In their response, Plaintiffs attempt to amend their complaint to the outdated equitable action in assumpsit. However, as previously held in this court and in other circuits, "the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984).

### Class Allegations

It is appropriate to now review the class allegations to determine whether a class may stand. Where the propriety of a class action procedure is plain from the initial pleadings, a district court may rule on this issue prior to the filing of a motion for class certification. *MRI Assocs. of St. Pete, Inc. v. State Farm Mut. Auto. Ins. Co.*, 755 F. Supp. 2d 1205, 1207 (M.D. Fla. 2010) (citing *Stan Smith v. Network Solutions, Inc. and VeriSign, Inc.*, 135 F.Supp.2d 1159 (N.D.Ala.2001).

Given the nature of the claims and individual factual inquiries required, it is apparent the individualized issues are predominant and this suit cannot proceed as a class action. Individualized money claims belong in Rule 23(b)(3) class action suits. *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2558 (2011). The standard for a 23(b)(3) suit is "that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). The predominance inquiry is much more stringent than Rule 23(a)(2)'s requirement of commonality. *City of St. Petersburg v. Total Containment, Inc.*, 265 F.R.D. 630, 635 (S.D. Fla. 2010).

In this instance, the threshold inquiry is whether the Plaintiffs were made whole through their settlements. If this case were to proceed, the most important issues to settle will be individual in nature. The issues will include the damages incurred by an individual plaintiff, the amount of the settlement, and the portion of the settlement that actually was for medical payments. Since the individual factual inquiry will predominate this litigation, making any sort of class litigation highly impractical, the class allegations will be stricken. Since a class action is inappropriate, only one of the named plaintiffs may proceed in this action. The second, as decided upon by plaintiffs, must file a separate action.

It is therefore ORDERED AND ADJUDGED that:

1.    Defendant State Farm Mutual Automobile Insurance Company's Motion to Dismiss Second Amended Complaint (Dkt. 18) is GRANTED.

2.    Defendant State Farm Mutual Automobile Insurance Company's Motion to Strike Class Allegations (Dkt. 18) is GRANTED.

3.      One of the Plaintiffs may replead within twenty (20) days of the date of this Order.

The other Plaintiff must file a separate action.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**<u>Copies Furnished To</u>**:
Counsel/Parties of Record

S:\Odd\2012\12-cv-897 mtd 18.docx