# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**EVELYN B. VANDENBRINK, individually
and on behalf of all others similarly situated,**

      **Plaintiff,**

v.                            **Case No.  8:12-cv-897-T-30TBM**

**JEREMY JOSEPH VONESCHEN and
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,**

      **Defendants.**

_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Dispositive Motion to Dismiss Plaintiff's Third Amended Complaint and Strike Class Allegations (Dkt. 36), Plaintiffs' Response to Defendant's Motion to Dismiss Plaintiffs' Third Amended Complaint and Strike Class Allegations (Dkt. 39), and Defendant's Reply Brief in Support of Motion to Dismiss (Dkt. 43).  The Court, having reviewed the motion, response, reply, and being otherwise advised in the premises, concludes the motion to dismiss should be granted and the motion to strike class allegations should be denied as moot.

## BACKGROUND

Plaintiff Evelyn Vandenbrink, on behalf of herself and all others similarly situated, seeks declaratory and injunctive relief as permitted under Section 86.011 of the Florida Statutes against Defendant State Farm Mutual Automobile Insurance Company. Specifically,

Vandenbrink requests a declaratory judgment and permanent injunction against State Farm's actions of seeking subrogation from its insureds' recovery from third-party tortfeasors on the basis that it violates Florida law unless there has been a judicial determination that the insured has been made whole.

On February 24, 2011, Vandenbrink filed her initial complaint against Jeremy Joseph Voneschen in the Sixth Judicial Circuit Court in and for Pinellas County. Vandenbrink filed an amended complaint adding State Farm as a defendant and adding class allegations for the first time on March 22, 2012. State Farm then removed the action to federal court on April 24, 2012. In response to a motion to dismiss by State Farm, Vandenbrink filed a second amended complaint on May 16, 2012, adding new claims and a new co-plaintiff. On June 4, 2012, State Farm again moved to dismiss and to strike the class allegations.

On August 3, 2012, the Court granted State Farm's motion to dismiss for failure to sufficiently allege facts for which relief could be granted and granted State Farm's motion to strike class allegations because individual issues predominated over issues common to the class. The Court allowed one of the plaintiffs to replead.

Vandenbrink filed her third amended complaint on September 12, 2012, asserting only one claim for declaratory relief on behalf of a class of State Farm insureds under Federal Rule of Civil Procedure 23(b)(2) and (c)(4).

In April 2010, Voneschen negligently operated his motor vehicle so that it collided with Vandenbrink. Following the accident, Vandenbrink underwent medical treatment, accumulating medical expenses in the total amount of $24,509.57. Vandenbrink's health

insurance carrier notified her that they maintained a lien for all medical benefits paid on her behalf.

At all times relevant to this action, Vandenbrink maintained a policy of insurance with State Farm, policy number 3633-455-59S.  The policy included coverage for medical payments which required the payment of an additional premium, commonly referred to as "Med Pay."  State Farm amended the policy to give it a right to recover Med Pay benefits it paid pursuant to its Amendatory Endorsement 6910.3.  Of particular importance to the Amendatory Endorsement is § 9.2(b), which provides: "under the liability, medical payments and physical damage coverages the right of recovery of any party we pay passes to us.  Such party shall: (1) not hurt our right to recover; and (2) help us get our money back."  Dkt. 33-1.[1]

On August 3, 2011, State Farm sent Vandenbrink's counsel a letter advising of its intent to pursue a subrogation claim in connection with her lawsuit against Voneschen for monies it paid under her Med Pay policy.  On March 7, 2012, State Farm sent another letter to Vandenbrink's counsel reiterating its right to subrogate conditional upon Vandenbrink being made whole by the settlement agreement with the tortfeasor.  Vandenbrink attached both of the letters to her third amended complaint.

Vandenbrink settled her bodily injury claim with Voneschen and his liability carrier for $40,000, less a 40% attorney fee, less $1,566.80 in costs, and less the repayment of

---

[1]A party's reference to documents attached to a complaint does not convert a motion to dismiss under Rule 12(b)(6) into a motion for summary judgment because the documents become part of the pleadings when central to the plaintiff's claim and are uncontroverted. *See Taylor v. Appleton*, 30 F.3d 1365, 1367 n.3 (11th Cir. 1994).

outstanding balances to her healthcare providers and liens perfected by her health insurance carriers.  Vandenbrink alleges that she was not made whole by this settlement because the full value of her case was, at a minimum, at least $40,000.

Vandenbrink alleges that State Farm, despite knowing that she has not been made whole, "maintains its right to and interest in the remainder of Plaintiff's settlement proceeds in an amount equal to benefits paid under the Med Pay policy."  She claims a doubt in her rights and responsibilities under the Amendatory Endorsement policy and, accordingly, "a bona fide, actual, present, and practical need for a declaration that Defendant is not entitled to seek reimbursement or subrogation for medical benefits."

Vandenbrink also alleges a class action on behalf of class members defined as: "All Florida residents, from 2007 to the present, who were sold policies of automobile insurance by Defendant which included optional coverage for Medical Payment benefits."  Vandenbrink seeks the same declaratory and injunctive relief for the entire class as she seeks for herself, namely a declaration that State Farm's Amendatory Endorsement is against Florida law unless the insured has been judicially determined to have been made whole.

State Farm moved to dismiss the third amended complaint and strike class allegations based on Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), (f), and 23(d)(1)(D).  The Court finds that Vandenbrink has standing to bring her suit, but that she fails to allege sufficient facts upon which relief can be granted.  Accordingly, the Court grants State Farm's motion to dismiss and denies as moot State Farm's motion to strike class allegations.

## MOTION TO DISMISS STANDARD OF REVIEW

When reviewing a motion to dismiss, a court must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).  However, unlike factual allegations, conclusions in a pleading "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  On the contrary, legal conclusions "must be supported by factual allegations." *Id.*  Indeed, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

While a "heightened fact pleading of specifics" is not required, "enough facts to state a claim to relief that is plausible on its face" is necessary. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Moreover, when the factual allegations are "not only compatible with, but indeed [are] more likely explained by" lawful activity, the complaint must be dismissed. *Iqbal*, 556 U.S. at 680; *see also N.Am. Clearing, Inc. v. Brokerage Computer Sys., Inc.*, 2009 WL 1513389 (M.D. Fla. May 27, 2009) ("On a Rule 12(b)(6) motion to dismiss, when a court considers the range of possible interpretations of the defendant's alleged conduct, if the 'more likely explanations' involve lawful, non-actionable behavior, the court should find that the plaintiff's claim is not plausible.").

Federal Rule of Civil Procedure 12(b)(1) allows a complaint to be dismissed based on a plaintiff's lack of standing under Article III. *Stalley v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) ("Because standing is jurisdictional, a dismissal

for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).").  Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).

## DISCUSSION

### 1.    Standing

Article III grants federal courts judicial power to decide only cases and controversies. *Allen v. Wright*, 468 U.S. 737, (1984).  The constitutionally minimum requirements for standing are: (1) the plaintiff must have suffered, or must face an imminent and not merely hypothetical prospect of suffering, an invasion of a legally protected interest resulting in a "concrete and particularized" injury; (2) the injury must have been caused by the defendant's complained-of actions; and (3) the plaintiff's injury or threat of injury must likely be redressed by a favorable court decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).  "Because injunctions regulate future conduct, a party has standing to seek injunctive relief only if the party alleges . . . a real and immediate-as opposed to a merely conjectural or hypothetical-threat of *future* injury." *Wooden v. Bd. of Regents of Univ. Sys. of Georgia*, 247 F.3d 1262, 1284 (11th Cir. 2001) (emphasis in original).

"The Eleventh Circuit has not addressed whether risk of future injury satisfies the Constitution's injury-in-fact requirement. . . . however, federal courts nationwide have concluded that such risk is sufficient to confer standing under Article III." *Bouldry v. C.R. Bard, Inc.*, –F. Supp. 2d–, 2012 WL 6599829, *2 (S.D. Fla. 2012).  Clearly, risk of future

injury exists if State Farm pursues its subrogation claim before Vandenbrink is made whole. Thus, for standing purposes only, the risk of future injury satisfies the Constitutional injury-in-fact requirement.  The other two requirements are clearly met.  Therefore, Vandenbrink has standing to bring her claim in federal court.

## 2.      Right to Subrogation

As this Court stated in its order dismissing Vandenbrink's second amended complaint, an insurer's right to subrogation is permissible once an insured has been "made whole" and is even encouraged as a matter of policy to prevent double recovery for the insured.  *See Schonau v. GEICO Gen. Ins. Co.*, 903 So. 2d 285 (Fla. 4th DCA 2005).  A potential controversy arises when an insured has not been made whole yet the insurer attempts to subrogate.  *Id.*  Although § 9.2(b)(2) of the Amendatory Endorsement does not condition its exercise of subrogation upon the insured being made whole, "[i]t is a well-established principle that state law is read into and becomes part of a contract."  *Korman V. HBC Fla., Inc.*, 182 F.3d 1291, 1297 (11th Cir. 1999).  Thus, there is no question that State Farm would not be entitled to subrogate Vandenbrink's recovery from her settlement with Voneschen and his liability carrier if she has not been "made whole."

## 3.      Florida Declaratory Judgment Act

The Florida Declaratory Judgment Act, Florida Statutes § 86.011, is substantive and remedial in nature, thus federal courts sitting in diversity jurisdiction must apply it. *Nationwide Mut. Co. v. Ft. Myers Total Rehab Ctr., Inc.*, 657 F. Supp. 2d 1279, 1291 (M.D. Fla. 2009).  In order to be entitled to declaratory relief under Fla. Stat. § 86.011, a plaintiff

must show a "bona fide, actual, present practical need for the declaration; that the declaration should deal with a present, ascertained or ascertainable state of facts or present controversy as to a state of facts." *Id.* at 1292 (quoting *Santa Rosa Cnty. v. Admin. Comm'n Div. of Admin. Hearings*, 661 So. 2d 1190, 1192-93 (Fla. 1995)).  As the Fourth District Court of Appeal of Florida stated,

> the test recognized in this state of whether or not a complaint will give rise to a proceeding under the Declaratory Judgment Act inquires whether or not the party seeking a declaration shows that he is in doubt or is uncertain as to [the] existence or non-existence of some right, status, immunity, power or privilege *and* has an actual, practical and present need for a declaration.  There must be a bona fide controversy, justiciable in the sense that it flows out of some definite and concrete assertion of right, and there should be involved the legal or equitable relations of parties having adverse interests with respect to which the declaration is sought.

*Lutz v. Protective Life Ins. Co.*, 951 So. 2d 884, 889 (Fla.4th DCA 2007) (emphasis added).

Thus, "[t]he test for the sufficiency of a complaint for declaratory judgment is not whether the plaintiff will succeed in obtaining the decree he seeks favoring his position, but whether he is entitled to a declaration of rights at all." *Ft. Myers Total Rehab Ctr., Inc.*, 657 F. Supp. 2d at 1292.  However, courts should not issue, "in the form of a declaratory judgment, what amounts to an advisory opinion at the instance of parties who show merely the *possibility* of legal injury on the basis of hypothetical 'state of facts which have not arisen' and are only 'contingent, uncertain, [and] rest in the future.'" *Fla. Dep't of Ins. v. Guarantee Trust Life Ins. Co.*, 812 So. 2d 459, 460-61 (Fla. 1st DCA 2002) (quoting *Santa Rosa Cnty. v. Admin. Comm'n, Div. of Admin. Hearings*, 661 So. 2d 1190, 1193 (Fla. 1995)) (emphasis in original).

Vandenbrink alleges that there is a controversy between the parties regarding the "interpretation and/or enforcement of the Amendatory Endorsement [6910.3]" and whether State Farm is permitted to subrogate to the payments made on behalf of Plaintiff "where, as here, she has not been made whole." Dkt. 33.[2]  The complaint also makes the conclusory assertion that she is "in doubt as to her rights and responsibilities under the Med Pay Amendatory Endorsement policy and . . . has a bona fide, actual, present, and practical need for a declaration."  But Vandenbrink fails to state a cause of action upon which relief may be granted because she does not allege facts supporting the legal conclusion that an actual controversy exists between the parties.  Legal conclusions must be supported by factual allegations sufficient to render a claim plausible.  *Bell Atl. Corp.*, 550 U.S. at 570.

The complaint does not allege an actual controversy between the parties about the interpretation of the Amendatory Endorsement.  The third amended complaint states, "State Farm predicates it[s] purported right to subrogation or reimbursement on the standard language of the Amendatory Endorsement relating to the Med Pay provision in its insurance contracts with its individual insureds."  Dkt. 33.  Vandenbrink does not allege that the Amendatory Endorsement language fails to support State Farm's subrogation right.  Moreover, Vandenbrink and State Farm agree that any subrogation right is subject to

---

[2]In the prayer for relief section of her third amended complaint, Vandenbrink states the claim as if State Farm has already received reimbursement.  *See* Dkt. 33 (asking for "a declaratory judgment that Defendant's actions of receiving reimbursement or subrogation from its insureds' recovery obtained from a third party tortfeasor violates Florida law and public policy").  However, there are no factual allegations supporting receipt of payment by State Farm, only their intent to pursue subrogation.

Vandenbrink being "made whole by the settlement negotiated with the tortfeasor or their insurance carrier." Dkt. 33 (quoting State Farm's letter to Vandenbrink's counsel). This is in accordance with Florida law that is read into the contract. Therefore, there is no present controversy over the interpretation of the Amendatory Endorsement.

The complaint also does not allege an actual controversy between the parties about the enforcement of the Amendatory Endorsement or State Farm's subrogation claim. The complaint references two letters addressed to Vandenbrink's counsel. The first letter, dated August 3, 2011, states that State Farm "intend[s] to pursue a subrogation claim for the following amounts paid under [Vandenbrink's] coverages . . . Please to not take any action which may jeopardize our subrogation rights." Dkt. 33-2. The second letter, dated March 7, 2012, reiterates State Farm's intention "to seek recovery for the amounts paid under the Medical Payments Coverage (MPC) portion of the policy as allowed under Florida Collateral Sources Statute 768.76 . . . We understand that our right to recovery is contingent upon your client being made whole by the settlement you negotiate with the tortfeasor or their insurance carrier." Dkt. 33-3. Later in the third amended complaint, Vandenbrink characterizes State Farm's actions in these letters as "press[ing] its standard and commonly followed practice and course of conduct seeking reimbursement or subrogation for medical benefits it paid on behalf of Plaintiff from Plaintiff's settlement proceeds with the tortfeasor, despite recognizing that it had no right to do so if Plaintiff had not been made whole."

Neither letter creates a pending legal claim by State Farm for an exercise of its subrogation right. There must be a "definite and concrete assertion of [a] right" in order to

create a justiciable issue under the Florida Declaratory Judgment Act.  *See Lutz*, 951 So. 2d at 889.  Vandenbrink did not sufficiently allege that an actual need for declaration is imminent because she did not allege that she paid any money to State Farm, that State Farm actually received a portion of Plaintiff's settlement from the third-party tortfeasor, or that State Farm has initiated any action against her seeking to recover payments. Therefore, she is not entitled to a declaration at this time because there is no controversy.

Additionally, although Vandenbrink provided more details about her valuation of what would make her whole compared to the allegations in her second amended complaint,[3] she again did not allege any actual amount, thereby preventing State Farm from knowing the value, if any, of its subrogation claim.  As the Court stated in its order dismissing the second amended complaint, "[a]dequate facts in this scenario would at least make some showing as to what amount would be required to make Plaintiffs whole and what amount was actually received."  Vandenbrink has therefore failed to sufficiently allege facts stating a claim for which relief can be granted.

Vandenbrink argues that *Higgins v. State Farm Fire & Cas. Co.*, 894 So. 2d 5 (Fla. 2004), authorizes her to bring this declaratory action now, even though it will require a factual determination of whether she has been "made whole" in order to entitle State Farm to pursue its subrogation claim.  In *Higgins*, the Florida Supreme Court stated that "an insurer may pursue a declaratory action which requires a determination of the existence or

---

[3]"Plaintiff has not [been] made whole because she did not recover the full value of her case, which, *at a minimum*, was at least $40,000."  Dkt. 33, Third Am. Compl.

nonexistence of a fact upon which the insurer's obligations under an insurance policy depend." *Id.* at 12.

However, *Higgins* is distinguishable in several key ways.  First, the *insurer* sought declaratory relief to know whether it was obligated to provide *coverage* under the insured's policy, whereas here the insured seeks a declaration of the insurer's rights.  Second, the issue was the insurer's duty to defend, not whether the insurer maintained a subrogation right to recovery of a settlement from a third-party tortfeasor.  Third, and most important, *Higgins* permitted a declaratory action concerning the duty to defend a *pending* lawsuit against the insured.  Presently, there is no pending lawsuit or concrete assertion by State Farm of its subrogation right, and declaratory relief would be based upon a hypothetical scenario wherein State Farm pursued its subrogation claim when Vandenbrink has not been made whole.[4]  As such, *Higgins* is not an analogous comparison entitling Vandenbrink to seek declaratory relief, and Vandenbrink's claim is not ripe because no case or controversy currently exists.

Because Vandenbrink's individual declaratory relief claim is dismissed, the Court need not address her class allegations because they are denied as moot.

_____

[4]In her response to the motion to dismiss, Vandenbrink defends against her relief being merely an advisory opinion by saying, "Nothing is speculative about Defendant's intent." Dkt. 39. This statement buttresses the finding that declaratory relief would be speculative because intent is not action producing a bona fide controversy.

It is therefore ORDERED AND ADJUDGED that:

1.      Defendant's Dispositive Motion to Dismiss Plaintiff's Third Amended Complaint (Dkt. 36) is GRANTED.

2.      Defendant's Alternative Motion to Strike Class Allegations (Dkt. 36) is DENIED as moot.

3.      This case is DISMISSED with prejudice.

4.      The Clerk is directed to CLOSE this case.

**DONE** and **ORDERED** in Tampa, Florida on January 30, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2012\12-cv-897.mtdismiss2.frm